TROUTMAN PEPPER HAMILTON SANDERS LLP
Chad R. Fuller (State Bar No. 190830)
chad.fuller@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA  92130
Telephone: (858) 509-6000
Facsimile: (858) 509-6040

CHOATE HALL & STEWART LLP
G. Mark Edgarton (*pro hac* vice)
gedgarton@choate.com
Two International Place
Boston, MA 02110
Telephone (617) 248-5000

Attorneys for Defendant
LOREX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MAPSTEAD, SEVIM BADAK, ROBERT MCGINN, DAVID CHROMY, and RONALD POTTINGER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LOREX CORPORATION,<br><br>Defendant. | Case No. 5:20-cv-00936-JGB-SP<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**<br><br>The Hon. Jesus G. Bernal<br><br>Date: Aug. 31, 2020<br>Time:  9:00 AM<br>Crtrm:  1<br>Trial Date:  None |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 31, 2020, at 9:00 a.m., or as soon as the matter may be heard before the Honorable Jesus G. Bernal, in Courtroom 1 of the United States District Court for the Central District of California, Eastern Division, at 3470 Twelfth Street, Riverside, CA, Defendant Lorex Corporation will and hereby does move the Court to motion to transfer this matter to the Northern District of California, San Francisco Division, and mark the case as related to the previously filed action currently pending in the Northern District of California: *Soo, et al. v. Lorex Corporation, et al.*, Case No. 3:20-cv-01437-JSC.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 23, 2020, and is based on this notice, the accompanying memorandum of points and authorities, and all other facts the Court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

Dated: July 30, 2020   TROUTMAN PEPPER HAMILTON
                       SANDERS LLP


                       By: /s/ *Chad R. Fuller*
                           Chad R. Fuller

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 1

III. ARGUMENT ...................................................................................................... 3

    A. Under the First-to-File Rule, This Case Should Be Transferred to the Northern District of California. ............................................................... 3

        1. The *Soo* Action Was First-Filed. ................................................. 4

        2. The Parties Are Similar (or Identical). ........................................ 4

        3. The Claims and Issues Are Similar. ............................................ 5

    B. Transfer Also Is Authorized by 28 U.S.C. § 1404. ................................... 7

        1. Venue Is Proper in the Northern District of California. ............... 7

        2. The Interests of Justice, and the Courts' Particular Interest in Avoiding Duplicative Litigation, Weigh Overwhelmingly in Favor of Transfer. ....................................................................... 8

        3. The Remaining Factors Are Neutral. ........................................... 9

IV. CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*,
    503 F.2d 384 (9th Cir. 1974) .................................................................................... 8

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ................................................................................ 3, 7

*Centocor, Inc. v. Medimmune, Inc.*,
    No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109, 2002 WL
    31465299 (N.D. Cal. Oct. 22, 2002) ........................................................................ 3

*Electronics for Imaging, Inc. v. Tesseron, Ltd.*,
    No. C 07-05534 CRB, 2008 U.S. Dist. LEXIS 10844, 2008 WL
    276567 (N.D. Cal. Jan. 29, 2008) ............................................................................. 8

*Herman v. W. Union Co.*,
    No. 2:17-CV-00650-CBM-AJW, 2017 U.S. Dist. LEXIS 221047,
    2017 WL 5643145 (C.D. Cal. Mar. 30, 2017) ......................................................... 8

*Kirts v. Green Bullion Fin. Servs.*,
    No. CV 09-07361 SJO, 2010 U.S. Dist. LEXIS 153235, 2010 WL
    11596246 (C.D. Cal. Jan. 29, 2010) ......................................................................... 7

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
    787 F.3d 1237 (9th Cir. 2015) ............................................................................. 5, 6

*Pacesetter Sys. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ...................................................................................... 3

*PETA, Inc. v. Beyond the Frame, Ltd.*,
    No. CV 10-07576 MMM, 2011 U.S. Dist. LEXIS 157782, 2011 WL
    686158 (C.D. Cal. Feb. 16, 2011) ........................................................................ 3, 5

*Retina Assocs. Med. Grp., Inc. v. Olson Research Grp., Inc.*,
    No. SA CV 18-1997-DOC-KES, 2019 U.S. Dist. LEXIS 152597,
    2019 WL 3240110 (C.D. Cal. Mar. 20, 2019) ..................................................... 4, 5

*SB Hosp. Palm Springs, LLC v. Baymont Franchise Sys., Inc.*,
    No. EDCV 19-381 JGB (KKx), 2019 U.S. Dist. LEXIS 171241,
    2019 WL 4422675 (C.D. Cal. May 8, 2019) ........................................................... 3

Defendant's Motion to Transfer Venue
5:20-cv-00936-JGB-SP
109188681v1

ii

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ................................................................................................ 7

*W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Tex. Sys.*,
    No. C 10-3595 SBA, 2011 U.S. Dist. LEXIS 4499, 2011 WL 97785
    (N.D. Cal. Jan. 12, 2011) ........................................................................................ 8

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
    967 F. Supp. 2d 1289 (N.D. Cal. 2013) .................................................................. 6

**Statutes**

28 U.S.C. § 1391 ............................................................................................................. 7

28 U.S.C. § 1404 ............................................................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Lorex Corporation ("Lorex") respectfully submits that this case should be transferred to the Northern District of California, San Francisco Division, pursuant to the first-to-file rule. Indeed, federal courts fashioned the first-to-file rule for situations precisely like this one.

Before this case was filed in this Court, a substantially similar suit was filed in the Northern District of California, *Soo, et al. v. Lorex Corporation, et al.*, Case No. 3:20-cv-01437-JSC (N.D. Cal.) (the "*Soo* Action"). The Plaintiffs in this case are members of the putative class in the *Soo* Action. The issues in this case arise from the same transactions and occurrences that gave rise to the *Soo* Action, and the claims in both cases are similar. Under these circumstances, federal courts have long recognized that no purpose would be served by having a second federal court adjudicate the same questions that already are pending before a different federal court. On the contrary, doing so would potentially subject the parties to conflicting obligations and would result in a needless waste of the parties' and the Court's resources. This case therefore should be transferred to the Northern District of California and marked as related to the *Soo* Action.

## II. BACKGROUND

On February 26, 2020, Gerald Soo, a citizen of California, filed the *Soo* Action in the Northern District of California. *Soo* Action, Class Action Complaint, Dkt. 1 (Feb. 26, 2020). Soo brought his claims on behalf of a putative nationwide class of individuals who purchased certain home security cameras manufactured by Lorex. *Soo* Action, First Amended Class Action Complaint, Dkt. 21 (Apr. 30, 2020), ¶¶ 32-39. The operative complaint in the *Soo* Action, which added a second named plaintiff from New York, alleges that the plaintiffs began to experience technical difficulties with their cameras in August 2019. *Id.* ¶¶ 24-25. In particular, the *Soo* plaintiffs allege that they lost the ability to view their cameras' video feeds

remotely (e.g., on their cell phones). *Id.* ¶¶ 10-11. They allege that Lorex is responsible for that defect and has violated the consumer protection laws of New York and California, and they have asserted various common law claims. *See id.* ¶¶ 12-14, 22-23, 40-89. They also allege that Lorex's replacement program was inadequate. *See, e.g.*, *id.* ¶¶ 16-22, 24-25, 51-52, 56, 60, 62, 71. Lorex has moved to dismiss the *Soo* Action and to compel arbitration pursuant to the terms of Lorex's warranty. *Soo* Action, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and to Strike Nationwide Class Allegations, Dkt. 33 (May 28, 2020); *Soo* Action, Defendants' Motion to Compel Individual Arbitration and Stay Discovery, Dkt. 34 (May 28, 2020).

On April 30, 2020, about two months after the *Soo* Action was filed, Plaintiffs filed this action, *Mapstead, et al. v. Lorex Corporation*, Case No. 5:20-cv-00936-JGB-SP (C.D. Cal.) (the "*Mapstead* Action"). *Mapstead* Action, Class Action Complaint, Dkt. 1 (Apr. 30, 2020). The named plaintiffs in this case are citizens of California, Illinois, Arizona, and Kentucky. *Mapstead* Action, First Amended Class Action Complaint, Dkt. 13 (June 30, 2020), ¶¶ 35-39. In their operative First Amended Complaint, filed on June 30, Plaintiffs allege that they purchased home security cameras and other related products from Lorex. *Id.* ¶ 4. Like the *Soo* plaintiffs, they allege that (i) they lost the ability to view the video feeds from their cameras remotely in August 2019, or shortly before, *id.* ¶¶ 65, 89, 103, 122, 140; (ii) Lorex is responsible for that cessation of service, *see, e.g.*, *id.* ¶¶ 12, 14, 29; and (iii) Lorex's remedial program was inadequate, *see, e.g.*, *id.* ¶¶ 18-25, 53-59. Like the *Soo* plaintiffs, they assert consumer protection claims under the laws of their home states, including California, *id.* ¶¶ 183-228. Lorex is contemporaneously moving to dismiss the complaint in this case for failure to state claim.

## III. ARGUMENT

### A. Under the First-to-File Rule, This Case Should Be Transferred to the Northern District of California.

The "well-established" first-to-file rule authorizes federal courts to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule "serve[s] the *purpose* of promoting efficiency well and should not be disregarded lightly." *Id.* at 625 (quoting *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Where two cases involve similar parties and issues, "the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). When the plaintiff in the later-filed case resists transfer, stay, or dismissal, he or she must overcome a "strong presumption in favor of the first-filed action." *Centocor, Inc. v. Medimmune, Inc.*, No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002).

Courts consider three factors when determining whether to apply the first-to-file rule: (i) the chronology of the two cases; (ii) the similarity of the parties; and (iii) the similarity of the issues. *SB Hosp. Palm Springs, LLC v. Baymont Franchise Sys., Inc.*, No. EDCV 19-381 JGB (KKx), 2019 U.S. Dist. LEXIS 171241, 2019 WL 4422675, at *4 (C.D. Cal. May 8, 2019) (Bernal, J.). The first-to-file rule "does not require identical parties *or* issues"; the rule applies "so long as the actions are substantially similar or involve substantial overlap." *PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10-07576 MMM (SSx), 2011 U.S. Dist. LEXIS 157782, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011). All three factors are satisfied here, so this case should be transferred to the Northern District of California and marked as related to the *Soo* Action.

### 1. The *Soo* Action Was First-Filed.

The *Soo* plaintiffs filed their complaint on February 26, 2020. *Soo* Action, Class Action Complaint, Dkt. 1 (Feb. 26, 2020). The complaint in this case was not filed until more than two months later, on April 30, 2020. *Mapstead* Action, Class Action Complaint, Dkt. 1 (Apr. 30, 2020). The Soo case is therefore the first-filed action.

### 2. The Parties Are Similar (or Identical).

The second requirement of the first-to-file rule is satisfied because the parties in this case and the *Soo* Action are substantially similar. Lorex Corporation, the only defendant here, is also a defendant in the *Soo* Action. *See Soo* Action, First Amended Class Action Complaint, Dkt. 21 (Apr. 30, 2020), ¶ 26.

The Plaintiffs also are similar. When examining the similarity of the parties in the context of class actions, courts consider the scope of the alleged class rather than the identity of the class representatives. *Retina Assocs. Med. Grp., Inc. v. Olson Research Grp., Inc.*, No. SA CV 18-1997-DOC-KES, 2019 U.S. Dist. LEXIS 152597, 2019 WL 3240110, at *2-3 (C.D. Cal. Mar. 20, 2019). The *Soo* Action was brought on behalf of a nationwide class of camera purchasers, which the *Soo* plaintiffs defined as follows: "all persons in the United States who purchased Flir FX Indoor Series, Flir FX Outdoor Series, Flir FXC Indoor Series, and Flir FXC Outdoor series security cameras." *Soo* Action, First Amended Class Action Complaint, Dkt. 21 (Apr. 30, 2020), ¶ 32.

The Plaintiffs in this case each allege that they purchased Lorex security cameras. *Mapstead* Action, First Amended Class Action Complaint, Dkt. 13 (June 30, 2020), ¶¶ 4, 60, 85, 98, 119, 137. They specifically complain that Lorex discontinued the "Flir model FX/FXC cameras," and they assert that the replacement for the "FX/FXC camera[s]" was not adequate. *Id.* ¶¶ 15, 53-54. The Plaintiffs in this case thus are members of the putative class in the *Soo* Action,

because they allege that they purchased the same cameras that are the subject of *Soo*'s nationwide class allegations. For purposes of the first-to-file rule, the parties are therefore the same. *Retina Assocs. Med. Grp., Inc.*, 2019 WL 3240110, at *2-3.

On July 23, 2020, the District Court in the *Soo* Action held a hearing on Defendants' pending Motion to Dismiss. The Court suggested that it would likely dismiss the *Soo* plaintiffs' nationwide class allegations. Although no order has entered as of the filing of this motion, the dismissal of those allegations would not change the result here. Even if the nationwide allegations are stricken in *Soo*, that case will still involve a class of all California camera purchasers, just as this case does. "[T]he first-to-file rule does not require identical parties *or* issues," and it applies so long as "the actions are substantially similar or involve substantial overlap." *PETA, Inc.*, 2011 WL 686158, at *2. Because both cases will involve—at a minimum—claims on behalf of the same putative California class against Lorex, the parties are sufficiently similar, and the first-to-file rule applies. *Id.*[1]

### 3. The Claims and Issues Are Similar.

Finally, the claims and issues in both cases are similar. Indeed, both cases involve nearly identical allegations: The *Mapstead* and *Soo* plaintiffs both allege that Lorex engaged in consumer fraud, because their home-security products stopped working as advertised at the same time, for the same reasons, and that the very same remedial efforts by Lorex were inadequate.

For the first-to-file rule to apply, "[t]he issues in both cases . . . need not be identical, only substantially similar." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240-41 (9th Cir. 2015). The issues are "substantially similar"

---

[1] During the same July 23 hearing, the Court suggested that it was likely to deny Lorex's motion to compel arbitration, because Lorex had failed to prove that the two named plaintiffs in the Soo case agreed to the terms of Lorex's warranty. To avoid needlessly duplicating proceedings, once this Court rules on this motion to transfer and the *Soo* court issues an order on the pending motion to compel arbitration, Lorex anticipates moving to compel some or all of the five named plaintiffs in this case to arbitrate their claims. Lorex expressly preserves—and does not waive—its right to seek to compel arbitration of the claims at issue in this case.

if there is "substantial overlap" between the two cases. *Id.* at 1241. The *Soo* and *Mapstead* complaints arise from the same set of transactions and occurrences, and do indeed "overlap" substantially. Both complaints concern the cessation of mobile app support for certain Lorex products. *See, e.g.*, *Soo* Action, First Amended Class Action Complaint, Dkt. 21 (Apr. 30, 2020), ¶¶ 10-14, 22, 24-25; *Mapstead* Action, First Amended Class Action Complaint, Dkt. 13 (June 30, 2020), ¶¶ 10-17. Both complaints allege that, following the cessation of support for the mobile apps, the plaintiffs could not view their security cameras' video feeds remotely (e.g., from their mobile phones). *See, e.g.*, *Soo* Action, First Amended Class Action Complaint, Dkt. 21 (Apr. 30, 2020), ¶¶ 10-11; *Mapstead* Action, First Amended Class Action Complaint, Dkt. 13 (June 30, 2020), ¶¶ 10-12. And both complaints allege that the problems with remote connectivity began during August 2019 or shortly beforehand. *See Soo* Action, First Amended Class Action Complaint, Dkt. 21 (Apr. 30, 2020), ¶¶ 24-25; *Mapstead* Action, First Amended Class Action Complaint, Dkt. 13 (June 30, 2020), ¶¶ 65, 89, 103, 122, 140. As a result of that alleged cessation of remote viewing, both the *Soo* and *Mapstead* plaintiffs have alleged that Lorex violated various consumer protection statutes (and both complaints include claims under California's Unfair Competition Law). *See Soo* Action, First Amended Class Action Complaint, Dkt. 21 (Apr. 30, 2020), ¶¶ 54-68; *Mapstead* Action, First Amended Class Action Complaint, Dkt. 13 (June 30, 2020), ¶¶ 192-198. The claims in both cases thus involve "substantial overlap." *Kohn Law Grp.*, 787 F.3d at 1241.

Having separate courts adjudicate such similar claims would run afoul of all the purposes that the first-to-file rule is designed to serve. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) ("The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments."). Because all of the rule's requirements are satisfied, this case should be transferred to the Northern District of California and marked as related to the *Soo* Action. In the alternative,

this case should be stayed or dismissed pending the resolution of that case. *See Alltrade*, 946 F.2d at 623-24.

### B. Transfer Also Is Authorized by 28 U.S.C. § 1404.

Alternatively, this Court should transfer this case to the Northern District of California pursuant to its authority under 28 U.S.C. § 1404. A court may transfer any civil action to another federal district where the case could have been brought if the transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a). Section 1404 is designed to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenient and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted).

Before transferring a case, the original court must determine whether the case could have been brought in the district to which transfer is sought. *Kirts v. Green Bullion Fin. Servs.*, No. CV 09-07361 SJO (MANx), 2010 U.S. Dist. LEXIS 153235, 2010 WL 11596246, at *2 (C.D. Cal. Jan. 29, 2010). If so, then the Court balances three considerations: (i) the convenience of the parties, (ii) the convenience of the witnesses, and (iii) the interests of justice. *Id* at *3.

#### 1. Venue Is Proper in the Northern District of California.

This case could have been filed in the Northern District of California, so the Court has the authority to transfer this case to that district. For purposes of the venue statute, the sole defendant here, Lorex, is deemed to "reside" wherever it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). The Complaint alleges that Lorex sells its products throughout the United States. *Mapstead* Action, First Amended Class Action Complaint, Dkt. 13 (June 30, 2020), ¶ 41. Lorex is therefore subject to personal jurisdiction in the Northern District of California. Indeed, Lorex has not contested personal jurisdiction in the Northern District in the *Soo* Action. Accordingly, venue is proper in the Northern District of California. 28 U.S.C. § 1391(b)(1), (c)(2).

### 2. The Interests of Justice, and the Courts' Particular Interest in Avoiding Duplicative Litigation, Weigh Overwhelmingly in Favor of Transfer.

The judicial system's interest in avoiding needlessly duplicative litigation weighs strongly in favor of transfer. When analyzing the "interests of justice," a key consideration is "the pendency of related actions in the proposed transferee forum[.]" *Herman v. W. Union Co.*, No. 2:17-CV-00650-CBM-AJW, 2017 U.S. Dist. LEXIS 221047, 2017 WL 5643145, at *2 (C.D. Cal. Mar. 30, 2017); *see also Electronics for Imaging, Inc. v. Tesseron, Ltd.*, No. C 07-05534 CRB, 2008 U.S. Dist. LEXIS 10844, 2008 WL 276567, at *1-2 (N.D. Cal. Jan. 29, 2008) ("Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result."). Where such a case has previously been filed in the transferee forum, the mere "pendency of [that] action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974).

As described above, the *Soo* Action was first filed, and it involves substantially similar parties and claims. *See supra* at 2-5. Because the *Soo* litigation is still in its early phases, transferring this case would allow the same Court to manage both the early-stage dispositive motions practice, and any discovery that may follow thereafter. By contrast, allowing these cases to proceed in parallel "would squander judicial resources and needlessly require the parties and the courts to duplicate efforts." *W. Digital Techs., Inc. v. Bd. of Regents of the Univ. of Tex. Sys.*, No. C 10-3595 SBA, 2011 U.S. Dist. LEXIS 4499, 2011 WL 97785, at *5 (N.D. Cal. Jan. 12, 2011). The interests of justice would be served by avoiding duplicative litigation.

### 3. The Remaining Factors Are Neutral.

Litigating this case in the Northern District of California will be at least as convenient for the parties and witnesses. Lorex anticipates that most of its witnesses will be traveling from out of state, and it makes no difference whether they must travel to this Court or to the Northern District of California. Three of the Plaintiffs are from other states, so they too will have to travel to California regardless of where this action proceeds. Although two Plaintiffs apparently do reside in the Central District of California, the undersigned will agree to travel to their home district for their depositions, insofar as this case proceeds to discovery. Accordingly, the convenience of the parties and witnesses does not weight against transfer.

## IV. CONCLUSION

Lorex respectfully submits that this case should be transferred to the Northern District of California, San Francisco Division, and marked as related to the *Soo* Action. In the alternative, this case should be dismissed or stayed under the first-to-file rule pending the resolution of the *Soo* Action.

Dated: July 30, 2020

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ *Chad R. Fuller*
    Chad R. Fuller

CHOATE HALL & STEWART LLP

By: /s/ *G. Mark Edgarton*
    G. Mark Edgarton
    Attorneys for Defendant
    LOREX CORPORATION